## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

OPAL HOGG and TRAMPAS RAY,

                Plaintiffs,

    v.

JINDAL FILMS AMERICAS, LLC,

                Defendant.

CIVIL ACTION FILE NO.
3:24-cv-00087-LMM-RGV

## ORDER

Plaintiffs Opal Hogg ("Hogg") and Trampas Ray ("Ray"), jointly referred to as "plaintiffs," bring this action against defendant Jindal Films Americas, LLC ("Jindal Films"), asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., in addition to a state law claim. [Doc. 1].[1] Plaintiffs have filed two motions for sanctions, [Docs. 27 & 28], which Jindal Films opposes, [Docs. 30 & 36],[2] and plaintiffs have filed replies

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Jindal Films has filed a motion for leave to file a corrected brief in opposition to plaintiffs' second motion for sanctions, [Doc. 31], to which plaintiffs have not responded, and the motion is therefore **GRANTED** as unopposed, see LR 7.1(B), NDGa.

in support of their motions, [Docs. 37 & 38]. Jindal Films has filed a surreply in opposition to plaintiffs' second motion for sanctions, that has been incorrectly docketed as a motion for reconsideration, [Doc. 40], and a motion for leave to file matters under seal, [Doc. 42], and plaintiffs have filed a motion to strike Jindal Films' surreply, [Doc. 43], which Jindal Films opposes, [Doc. 44], and plaintiffs have filed a reply in support of their motion, [Doc. 45]. For the reasons that follow, plaintiffs' first motion for sanctions, [Doc. 27], is **GRANTED IN PART** and **DENIED IN PART**, plaintiffs' second motion for sanctions, [Doc. 28], is **DENIED**, Jindal Films' motion for leave to file matters under seal, [Doc. 42], and plaintiffs' motion to strike, [Doc. 43], are **GRANTED**, and the Clerk is **DIRECTED** to terminate the incorrectly docketed motion for reconsideration, [Doc. 40].

## I. BACKGROUND

Plaintiffs filed this action against Jindal Films on May 7, 2024, asserting claims for violations of Title VII and the ADEA, in addition to a state law claim. [Doc. 1]. Jindal Films filed its answer on May 30, 2024, [Doc. 6], and on July 8, 2024, the Court entered a Scheduling Order, setting the discovery deadline of October 28, 2024, [Doc. 10]. Plaintiffs served their initial disclosures on September 11, 2024, [Doc. 12], and Jindal Films served its initial disclosures on September 12, 2024, [Doc. 13]. Shortly thereafter, plaintiffs served their first interrogatories and requests for production of documents, [Docs. 16 & 17], and after plaintiffs filed a

2

consent motion for extension of time to complete discovery and discovery was extended until January 31, 2025, [Docs. 18 & 19], plaintiffs requested a discovery conference with the Court on November 19, 2024, see [Doc. 27-4]. Two days later, Jindal Films served its initial responses to plaintiffs' first interrogatories and requests for production of documents on November 21, 2024. [Docs. 27-14 through 27-17]; see also [Docs. 20 through 23].

On December 5, 2024, the parties participated in a discovery conference during which the Court concluded that Jindal Films had failed to provide complete initial disclosures, and without justification, it had not timely responded to plaintiffs' discovery requests, thereby waiving any objections to plaintiffs' first interrogatories and requests for production of documents. See [Doc. 24]. The Court ordered Jindal Films to amend its initial disclosures within five days and to serve amended discovery responses by January 10, 2025. [Id.]. Jindal Films served supplemental initial disclosures on December 9, 2024, [Doc. 27-7]; see also [Doc. 25], but on January 15, 2025, plaintiffs requested a second discovery conference based on Jindal Films' alleged failure to provide amended discovery responses, [Doc. 27-19]. The parties participated in a second discovery conference on January 24, 2025, during which the Court determined that Jindal Films had not fully amended its initial disclosures, nor had it provided responses to plaintiffs' first interrogatories and requests for production of documents, so the Court authorized

3

plaintiffs to file "any motions they deem appropriate to seek sanctions with respect to [Jindal Films'] non-production of discovery in this case."  [Doc. 26].[3]

Plaintiffs filed two motions for sanctions on February 12, 2025, [Docs. 27 & 28], and Jindal Films filed a response in opposition to the second sanctions motion on February 27, 2025, [Doc. 30]; see also [Doc. 31].  On March 12, 2025, Jindal Films filed a response in opposition to the first motion for sanctions, [Doc. 36], as well as supplemental responses to plaintiffs' first interrogatories and requests for production of documents, [Docs. 39-1 through 39-4]; see also [Docs. 32 through 35].  Plaintiffs filed replies in support of their motions for sanctions on March 31, 2025.  [Docs. 37 & 38].  On April 14, 2025, Jindal Films filed a surreply in opposition to the second motion for sanctions, that was incorrectly docketed as a motion for reconsideration, [Doc. 40], in addition to a motion for leave to file matters under seal, [Doc. 42].  Plaintiffs have filed a motion to strike Jindal Films' surreply, motion for leave to file matters under seal, and accompanying affidavit, [Doc. 43], which Jindal Films opposes, [Doc. 44], and plaintiffs have filed a reply in support of their motion, [Doc. 45].

---

[3] The discovery period was also extended until July 31, 2025.  See [Doc. 26].

4

## II.    DISCUSSION

**A.    <u>Motion to Compel and for Sanctions, [Doc. 27]</u>**

Plaintiffs have filed a motion to compel and for sanctions for discovery non-compliance and spoliation, [Doc. 27], arguing that Jindal Films "has repeatedly failed to timely provide full and complete [i]nitial [d]isclosures as required by FRCP Rule 26(a), . . . as well as comply with Court orders," [Doc. 27-1 at 2]. Specifically, plaintiffs assert that "[a]fter delay and additional request from [p]laintiffs, [Jindal Films] served its [ initial disclosures] on September 12, 2024," but they "were incomplete, did not include any telephone numbers, addresses, or other identifying information as required by the Federal Rules," nor did Jindal Films "produce any documents as required nor attach for inspection and copying as required under FRCP, and specifically did not produce any insurance agreement which may be used to indemnify or reimburse for payments to satisfy the judgment," and even after the Court ordered Jindal Films to update its Initial disclosures, Jindal Films served supplemental initial disclosures on December 9, 2024, that "remained deficient and incomplete," since they "failed to provide full identifying information for all witnesses" and "failed to identify its insurer or produce the insurance documents required under the Federal Rules[.]"  [<u>Id.</u> at 2-4 (citations omitted)].

Next, plaintiffs contend that Jindal Films failed to respond to plaintiffs'
"Interrogatories and Requests for Production of Documents within the time frame
required by FRCP Rule[s] 33 and 34," and when Jindal Films ultimately provided
responses, "sixty-two [] days after service of discovery requests, after responses
were due, and two days after [p]laintiffs' second request for Court intervention,"
they "were deficient, and [Jindal Films] waived all objections by failing to respond
timely and by failing to comply with the Court's Order."  [Id. at 4-6 (emphasis
omitted)].   Plaintiffs also argue that Jindal Films and its counsel should be
sanctioned for failure to preserve evidence and for spoliation, since Jindal Films
had notice of plaintiffs' claims more than three years ago, and Jindal Films' "claim
that some documents are in Oklahoma, some may have been destroyed, and some
may be in India does not absolve it of its duty" to "preserve all relevant evidence."
[Id. at 12-18].  Plaintiffs request the Court to compel "full and complete" discovery
responses, and they seek sanctions, including striking Jindal Films' answer and
entering default judgment in their favor, precluding Jindal Films' from
introducing evidence not previously disclosed, and awarding attorneys' fees and
costs.  [Id. at 3, 6, 9, 11, 16-24].

Jindal Films has filed a response in opposition to plaintiffs' first motion for
sanctions, arguing that, "[i]n accordance with [its] obligations, it has continued to
supplement its [i]nitial [d]isclosures, including the last known telephone numbers

and addresses of potential witnesses," and it "also produced documentation including the contact information of every employee at the LaGrange facility as of December 27, 2023," and that it "cannot supplement information that it does not possess," but "[t]o the extent [it] becomes aware of additional responsive information, it will meet its obligations and will advise [p]laintiffs accordingly." [Doc. 36 at 2-3 (emphasis and citation omitted)]. Jindal Films asserts that it "has produced nearly two thousand pages of documents to include documents that arguably had even the slightest or marginal bearing on any claim or defense in this matter," and its counsel "personally traveled to [Jindal Films'] administrative building," which had "effectively [] been shut down," and "spent the full day [in] cold rooms under flashlight in an effort to search for potentially responsive documents," even though the discovery requests "were overbroad, sought documents and information that bore no relevance to any claims or defenses asserted, and [were] not reasonably calculated to lead to admissible evidence." [Id. at 3-4, 6 (footnote and citation omitted)]. Jindal Films also contends that it fulfilled its preservation obligations and plaintiffs failed to meet their burden to establish spoliation of evidence since they "have yet to specifically point to a particular document they perceive to have been destroyed," and "have not attempted to coordinate a search for Electronically Stored Information ('ESI') to locate additional documents and communication[.]" [Id. at 7-8]. Jindal Films

7

argues that "despite [p]laintiffs' assertion, undersigned counsel worked with [Jindal Films] to implement a litigation hold for this matter," and plaintiffs "have not and cannot point to any evidence whatsoever that [Jindal Films] has taken any steps to lose or destroy relevant evidence purposefully, or otherwise." [Id. at 9]. Finally, Jindal Films asserts that plaintiffs' motion to strike its answer and enter judgment for plaintiffs is not appropriate because "[e]ntering judgment in [p]laintiffs[' favor] is considered the most severe sanction and may only be implemented upon a finding of willfulness or bad faith failure to comply with a discovery order," and plaintiffs "have not and cannot demonstrate that [Jindal Films] willfully or in bad faith failed to comply with its discovery obligations." [Id. at 10-12 (emphasis and citation omitted)]. Jindal Films contends that "to date, [it] has cured its discovery deficiencies and supplemented its initial disclosures." [Id. at 12].

In their reply brief, plaintiffs point out that Jindal Films "did not respond to [their interrogatories and requests for production of documents] until twice ordered by this Court and has done so with multiple objections, despite Court admonishment that the objections have long since been waived," and Jindal Films' "document production is still full of irrelevant and non-responsive documents." [Doc. 37 at 1-2]. Plaintiffs argue that they "requested this discovery back in September and had [Jindal Films] complied in a timely manner, the LaGrange

8

plant would have been operational and proper discovery could have been received by [p]laintiffs," and "[m]oreover, [Jindal Films] still has an operational plant in Oklahoma, suggesting that the inability to find documents has more to do with the willingness of [Jindal Films] than an actual lack of documents," especially considering that "[f]inding responsive documents should not be an issue even if all of [Jindal Films'] facilities are closing," since it was notified of a potential claim in November 2021 and "discovery obligations are not limited by geography when the requested information is relevant and proportional to the case."  [Id. at 2 (citation omitted)].   Plaintiffs assert that Jindal Films served supplemental discovery responses on March 12, 2025, but the responses "are replete with objections which have been waived despite the Court's Order to serve supplemental responses with no objections," and "[b]ecause the Court previously determined that all objections were waived by untimely responses, [Jindal Films'] continued conduct can only be seen as deliberate and intentional justifying the requested sanctions."  [Id. at 3 (emphasis and all caps omitted)].

Plaintiffs cite several examples of how Jindal Films' discovery responses "continue to be evasive," including by asserting objections to 19 out of 20 interrogatories and 48 or 49 out of 50 requests for production and supplemental responses to the interrogatories and requests for production of documents that "provide limited further information or refer back to documents already

9

produced"; the supplemental interrogatory responses to Interrogatory 1 neglecting to include "Mark Miller in HR or the HR team who purportedly relied on first-hand knowledge and did not do an investigation"; supplemental responses to Interrogatories 3, 4, and 6 failing to identify members of the HR team and what they did as an investigation; supplemental responses to Interrogatory 10 "again refers to incomplete pay records [Jindal Films] previously produced and provides no response to bonuses and fringe benefits"; Jindal Films did not produce the liability insurance policy information until March 28, 2025, and supplemental responses to Hogg's Request for Production 42 failed to "produce any of the other requested insurance documents" and included objections and redactions; supplemental responses to Requests for Production 3 and 4 failing to include complete personnel files that instead contain "non-chronological group[s] of Bates Nos." that are "disjointed"; and supplemental responses not including metadata for certain documents. [Id. at 3-9].[4] Plaintiffs argue that Jindal Films' abuse of discovery is intentional and "justifies the severest sanctions." [Id. at 9].

"Federal Rule of Civil Procedure 37 permits a district court to impose sanctions for a party's failure to make disclosures or to cooperate in discovery."

---

[4] With respect to Jindal Films' claim that it "produced a list of 719 employees with their contact information," plaintiffs contend that they "are unable to identify any such document." [Doc. 37 at 5].

Consumer Fin. Prot. Bureau v. Brown, 69 F.4th 1321, 1328 n.10 (11th Cir. 2023) (citation and internal marks omitted). Specifically, the Court may impose sanctions if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)," or fails to "serve its answers, objections, or written response" to interrogatories or requests for production. Fed. R. Civ. P. 37(c)(1), (d). Sanctions are also appropriate if a party "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), and the "rule gives district judges broad discretion to fashion appropriate sanctions for violations of discovery orders," Brown, 69 F.4th at 1330 (citation and internal marks omitted). Rule 37 also allows a party to move to compel a disclosure required by Rule 26(a) or for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(A)-(B).

First, plaintiffs argue that Jindal Films has repeatedly failed to timely provide full and complete initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. [Doc. 27-1 at 2]. Although Jindal Films served its initial disclosures on September 12, 2024, [Doc. 13], at the December 5, 2024, discovery conference, the Court concluded that Jindal Films had provided incomplete initial disclosure and ordered Jindal Films to update its initial disclosures within five days, [Doc. 24 at 1], and Jindal Films served supplemental initial disclosures on December 9, 2024, [Doc. 27-7]; see also [Doc. 25]. However, these supplemental disclosures remained incomplete, see [Doc. 26 at 1; Doc. 27-7],

11

as the disclosures failed to include the applicable insurance agreement as required by Rule 26, see [Doc. 27-7 at 10]; Fed. R. Civ. P. 26(a)(1)(A)(iv), and instead Jindal Films stated that it had "requested [a] copy of the policy applicable to this matter and [would] supplement its production with [a] copy of [the] same upon receipt," [Doc. 27-7 at 10], but Jindal Films did not produce information regarding the insurance policy until March 28, 2025, see [Doc. 37 at 7], more than two months after the second discovery conference held on January 24, 2025, where the Court determined that Jindal Films had not properly amended its initial disclosures, [Doc. 26 at 1].  Because Jindal Films failed to timely provide full and complete initial disclosures as required by the Court and Rule 26(a) and (e), sanctions are warranted.  See Moceri v. BJ's Wholesale Club, Inc., Case No.: 18-80979-CV-MIDDLEBROOKS, 2018 WL 8223788, at *1-3 (S.D. Fla. Oct. 15, 2018) (granting plaintiff's motion to compel and awarding attorney's fees as sanctions for defendant's failure to produce its insurance policy); Rhodes v. Davis, Civil Action No. 08–0523–CG–C, 2010 WL 4260048, at *4-5 (S.D. Ala. Oct. 25, 2010) (finding that defendant had "not provided a substantial justification under Rule 37(c)(1) for failing to disclose the insurance policy" that it was required to disclose under Rule 26 and holding that plaintiff was "entitled to reasonable expenses and attorney's fees that were incurred as a result of [defendant's] failure to disclose the . . . insurance policy in its initial disclosures"), aff'd, 425 F. App'x 804 (11th Cir. 2011)

(per curiam) (unpublished).  "Moreover, because [plaintiffs have] had to bring this issue before the Court no less than three times in an attempt to obtain initial disclosures that comply with Rule 26, [they] will be compensated for the fees incurred in doing so."  Marine Depot, Int'l, Inc. v. James River Grp., Inc., CASE NO.: 19-CV-24821-CANNON/LOUIS, 2020 WL 7864100, at *4 (S.D. Fla. Dec. 30, 2020).

Plaintiffs next contend that Jindal Films failed to respond to their first interrogatories and requests for production of documents within the time frame required by Rules 33 and 34 of the Federal Rules of Civil Procedure, and it thus waived all objections by failing to timely respond.  [Doc. 27-1 at 4].  Plaintiffs served their first interrogatories and requests for production of documents on Jindal Films on September 20, 2024, [Docs. 27-9 through 27-12]; see also [Docs. 16 & 17], but Jindal Films did not provide responses until November 21, 2024, [Docs. 27-14 through 27-17], shortly after plaintiffs requested a discovery conference with the Court, see [Doc. 27-4].  At the December 5, 2024, discovery conference, the Court found that Jindal Films had waived all objections due to its failure to timely respond to plaintiffs' first discovery requests and ordered Jindal Films to supplement its discovery responses by January 10, 2025.  [Doc. 24]; see also [Doc. 36 at 5].  However, despite the fact that the Court's "instructions and orders were clear," Brown, 69 F.4th at 1330 (footnote and citation omitted); see also [Doc. 26

13

(finding that Jindal Films had not amended its discovery responses during the January 24, 2025, discovery conference)], Jindal Films did not serve amended discovery responses until March 12, 2025, [Docs. 39-1 through 39-4], and as plaintiffs point out in their reply brief, [Doc. 37 at 3-9], the untimely supplemental responses remain deficient. Specifically, plaintiffs assert that the supplemental responses neglect to include certain individuals responsive to Interrogatory 1; fail to identify members of the human resources team in response to Interrogatories 3, 4, and 6; fail to identify bonuses or fringe benefits in response to Interrogatory 10; and fail to respond fully to Interrogatory 12, and Jindal Films also fails to produce liability insurance policy information and complete personnel files or identify preservation software or an ESI system in response to plaintiffs' requests for production. See [Docs. 39-1 through 39-4]. Because the record establishes that Jindal Films failed to timely provide sufficient supplemental discovery responses as required by the Court and Rule 26, and it has continued to assert objections that have been waived, sanctions are warranted. See Czopek v. TBC Retail Grp., Inc., Case No. 8:14-cv-0675-T-36TBM, 2016 WL 7665440, at *2 (M.D. Fla. July 29, 2016) (citations omitted) (requiring plaintiffs to supplement their interrogatory responses and granting defendant's request for Rule 37 sanctions for failure to participate in discovery and comply with the court's prior discovery order where "[p]laintiffs' supplemental interrogatory responses [were] long overdue and

14

[p]laintiffs ha[d] made no showing that their failure to provide these responses in a timely manner was substantially justified or that circumstances exist which would make an award of fees unjust").

Plaintiffs also request the Court to compel "full and complete" discovery responses. [Doc. 27-1 at 6]. Because, as previously explained, Jindal Films' March 12, 2025, supplemental responses are deficient, see [Docs. 39-1 through 39-4], plaintiffs' motion to compel full and complete discovery responses, [Doc. 27], is **GRANTED**, see Partners Insight, LLC v. Gill, Case No.: 2:22-cv-739-SPC-KCD, 2023 WL 5352310, at *3 (M.D. Fla. Aug. 21, 2023) (citation omitted) (granting plaintiffs' motion to compel and ordering defendant to "conduct a thorough search and produce any responsive materials she may have withheld on the basis of her waived objection"); Lundquist v. Celebration Cruise Operator, Inc., CASE NO. 12-60655-CIV-WILLIAMS/SELTZER, 2013 WL 12145940, at *1 (S.D. Fla. Feb. 7, 2013) (citation omitted) (granting plaintiff's motion to compel and directing defendant to supplement specific portions of its discovery responses), and Jindal Films shall supplement its responses to all of plaintiffs' interrogatories, without asserting objections, including by identifying members of the Human Resources team that are responsive to Interrogatories 1, 3, 4, and 6, in addition to other individuals responsive to Interrogatory 1, and identifying bonuses or fringe benefits in response to Interrogatory 10 and responding fully to Interrogatory 12.

15

Jindal Films shall also supplement its responses to all of plaintiffs' requests for production of documents, without asserting objections, including by producing complete personnel files and identifying preservation software and ESI systems used and specifying documents produced "in a manner that allows [plaintiffs] to reasonably ascertain which documents are responsive to [their] requests," Armor Screen Corp. v. Storm Catcher, Inc., No. 07–81091–Civ, 2009 WL 291160, at *3 (S.D. Fla. Feb. 5, 2009). "The Court cautions [Jindal Films] against identifying batches of documents that contain hundreds of pages of non-responsive documents." Carter v. BPCL Mgmt., LLC, CASE NO. 19-60887-CIV-DIMITROULEAS/SNOW, 2021 WL 7502558, at *6 (S.D. Fla. May 10, 2021) (citation omitted). Instead, Jindal Films shall produce documents in a manner that identifies how the documents correspond to specific discovery requests, and documents shall be designated with a Bates-stamp or other numbering system. Jindal Films' supplemental discovery responses shall be served by June 16, 2025.[5]

Plaintiffs also argue that sanctions are warranted against Jindal Films and its counsel based on spoliation of evidence. [Doc. 27-1 at 12-18]. "Eleventh Circuit caselaw provides that, to establish spoliation of tangible evidence," plaintiffs "bear[] the burden of proving three foundational elements: (1) that the missing

---

[5] The Court will entertain a motion to extend the discovery period beyond July 31, 2025, if sought by plaintiffs or the parties jointly.

evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant[s] being able to prove [their] prima facie case or defense." Tripp v. Walmart, Inc., Case No: 8:21-cv-510-WFJ-SPF, 2023 WL 399764, at *3 (M.D. Fla. Jan. 25, 2023) (citation and internal marks omitted); see also Thacker v. Wal-Mart Stores E., Inc., CIVIL ACTION NO. 1:17-CV-2008-CC, 2019 WL 1996698, at *6 (N.D. Ga. Mar. 19, 2019) (citation omitted).  "Moreover, a party's failure to preserve evidence rises to the level of sanctionable spoliation only when the absence of that evidence is predicated on bad faith[.]" Temple v. Cox, No. 2:18-CV-91, 2020 WL 6566177, at *3 (S.D. Ga. Nov. 9, 2020) (citations and internal marks omitted); see also Tripp, 2023 WL 399764, at *3 (citation omitted); Thacker, 2019 WL 1996698, at *6 (citation omitted).

Plaintiffs have "failed to meet [their] burden in establishing a claim for spoliation sanctions." Temple, 2020 WL 6566177, at *3.  The "spoliation doctrine is predicated on evidence actually existing and being destroyed," and therefore, for "sanctions to be appropriate, it is a necessary condition that the sought-after evidence actually existed." Rowland v. Bozarth, Case No. 3:21cv690-TKW-HTC, 2021 WL 7083358, at *4 (N.D. Fla. Oct. 1, 2021) (emphasis, alterations, citations, and internal marks omitted).  As Jindal Films correctly contends, plaintiffs "have yet to specifically point to a particular document they perceive to have been

17

destroyed," [Doc. 36 at 8], and instead, appear to assume that evidence was destroyed because Jindal Films failed to produce certain documents in response to discovery requests, see [Doc. 27-1 at 12-18], but the "mere possibility that [unidentified documents existed but were destroyed], however, is not enough to support a finding of spoliation," Union Grp. Labs, LLC v. Span Enters., LLC, Case No: 6:20-cv-610-WWB-LRH, 2021 WL 12313675, at *8 (M.D. Fla. Apr. 1, 2021) (citation omitted); see also Rowland, 2021 WL 7083358, at *4 (citations omitted) ("Case law is clear that speculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence."). Accordingly, plaintiffs' motion for sanctions based on spoliation of evidence, [Doc. 27], is **DENIED**.

The Court "has broad authority to sanction a party for abuse of the discovery process," and Rule 37 of the Federal Rules of Civil Procedure "provides different remedies for discovery violations[.]" Graziano v. Jeffrey S. Schelling, P.A., Case No.: 2:22-cv-34-SPC-KCD, 2023 WL 8004431, at *2 (M.D. Fla. Nov. 17, 2023) (citations and internal marks omitted). For failing to obey a discovery order, Rule 37 authorizes the Court to impose the following sanctions:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (emphasis omitted).  Further, for failure to disclose or supplement an earlier response, Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and "[i]n addition to or instead of this sanction, the [C]ourt, on motion and after giving an opportunity to be heard," may "order payment of the reasonable expenses, including attorney's fees, caused by the failure"; may "inform the jury of the party's failure"; and may "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)."  Fed. R. Civ. P. 37(c)(1)(A)-(C); see also Carter, 2021 WL 7502558, at *2 (citation omitted).

19

Although plaintiffs request the Court strike Jindal Films' answer and enter judgment for plaintiffs, [Doc. 27-1 at 18-24], a "severe sanction like that of a default judgment is appropriate only as a last resort," Nat'l Union Fire Ins. Co. of Pittsburgh v. Classic Yacht Serv., Inc., Case No. 2:18-cv-153-FtM-99NPM, 2019 WL 7708239, at *3 (M.D. Fla. Sept. 5, 2019) (citation omitted); see also Marine Depot, Int'l, Inc., 2020 WL 7864100, at *2 (citation omitted) (explaining that sanctions like "striking of pleadings or rendering a default judgment against the disobedient party" should "not be imposed if a lesser sanction would adequately ensure compliance with future court orders"), given the "strong policy for courts adjudicating cases on their merits," PaintTEQ, LLC v. Omnia Med., LLC, Case No.: 8:20-cv-2805-VMC-AAS, 2024 WL 1555026, at *2 (M.D. Fla. Apr. 10, 2024) (citation omitted); see also Carter, 2021 WL 7502558, at *6 (citations omitted). Here, "the violations about which [plaintiffs] complain[] do not warrant the sanction of dismissal." Marine Depot, Int'l, Inc., 2020 WL 7864100, at *2; see also Lundquist, 2013 WL 12145940, at *2 (citations omitted) (finding "that the requested case-dispositive sanctions, which [were] equivalent in severity to dismissal, [were] not warranted").

However, the Court "finds the imposition of lesser sanctions to be appropriate." Marine Depot, Int'l, Inc., 2020 WL 7864100, at *2. Specifically, Jindal Films shall be precluded from opposing the claims asserted in plaintiffs' complaint

or supporting its defenses to those claims with any documents that were not produced to plaintiffs by January 10, 2025, the deadline set by the Court at the December 5, 2024, discovery conference, see Ariel Syndicate 1910 v. Paramount Disaster Recovery, LLC, Case No: 6:17-cv-1279-Orl-37DCI, 2018 WL 3978133, at *1, *3 (M.D. Fla. May 18, 2018) (precluding the defendant from relying on any materials not produced by the deadline set by the court during the discovery hearing based on the defendant's "repeated failure to comply with the Federal Rules of Civil Procedure and the Court's discovery orders" and explaining that this sanction "does not obviate [d]efendant's ongoing duty to produce responsive materials, and its failure to do so may lead to additional sanctions in the future"), and because Jindal Films' "discovery responses are insufficient for the reasons explained, . . . an award of attorney's fees and expenses is mandated," Partners Insight, LLC, 2023 WL 5352310, at *6 (citation and internal marks omitted); see also Graziano, 2023 WL 8004431, at *3 (citation omitted) (finding a monetary sanction would sufficiently punish plaintiff and prevent future misconduct, even where plaintiff was aware the court ordered him to answer outstanding discovery and he chose not to timely do so); Marine Depot, Int'l, Inc., 2020 WL 7864100, at *5 (finding an award of sanctions in the form of attorney's fees appropriate where plaintiff's discovery violations "ran rampant" and plaintiff was ordered to correct deficient production on multiple occasions). Moreover, because attorneys' fees

"may be awarded against the disobedient party, the attorney advising the party, or both[,]" Lincoln Mem. Acad. v. Florida, Case No.: 8:20-cv-309-T-36AAS, 2020 WL 7396978, at *2 (M.D. Fla. Dec. 17, 2020) (citations and internal marks omitted); see also Fed. R. Civ. P. 37(b)(2)(C), and Jindal Films' counsel "failed to demonstrate that [her] continued failure to properly participate in discovery and comply with court orders was substantially justified or other circumstances make an award of expenses unjust," Lincoln Mem. Acad., 2020 WL 7396978, at *6 (citations omitted), the Court will award attorney's fees against Jindal Films and its counsel for plaintiffs' preparation of the motion for sanctions and to compel, [Doc. 27]; see also Lincoln Mem. Acad., 2020 WL 7396978, at *5-6 (citations omitted) (awarding defendant sanctions in the form of attorney's fees against plaintiffs' counsel for "repeatedly fail[ing] to fulfill his discovery obligations" where counsel failed to provide outstanding discovery responses despite multiple extensions of time, a letter thoroughly detailing the outstanding discovery, a court order compelling discovery, and two discovery conferences with the court and citing cases upholding sanctions awards against parties and their counsel).

"This court must impose attorney's fees and expenses when granting a motion to compel discovery unless the party or attorney was substantially justified in resisting discovery, or other circumstances make an award of expenses unjust." Huff v. Huff, Civil Action File No. 1:04-CV-0172-GGB, 2006 WL 2356042, at *4

22

(N.D. Ga. Aug. 15, 2006) (citations omitted).  Payment is not required if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  <u>Frazier v. Wurth Indus. of N. Am., LLC</u>, Civil Action No. 1:08-CV-1634-JOF, 2009 WL 1025308, at *2 (N.D. Ga. Apr. 14, 2009) (citation omitted); <u>Norris v. T & A Am. Car Care Ctr., Inc.</u>, No. 3:08cv353/WS/EMT, 2009 WL 614442, at *2 (N.D. Fla. Mar. 9, 2009) (citation omitted).  The movant bears the burden of "documenting the appropriate hours and hourly rates," and movant's counsel must supply "the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted).

Because the record before the Court demonstrates that plaintiffs attempted in good faith to obtain responses to their discovery requests, including by participating in two conferences with the Court, prior to filing the motion to compel and for sanctions, and Jindal Films' position has not been substantially justified, and an award of expenses under these circumstances would not be unjust, an award of reasonable attorney's fees incurred by plaintiffs is warranted, but plaintiffs have not provided "specific and detailed evidence from which the

23

court can determine the reasonable hourly rate," <u>Norman</u>, 836 F.2d at 1303. Accordingly, plaintiffs' first motion for sanctions, [Doc. 27], is **GRANTED IN PART** and **DENIED IN PART**, and plaintiffs' counsel shall file within **fourteen (14) days** of the entry of this Order a declaration, pursuant to 28 U.S.C. § 1746, documenting the hours and reasonable hourly rate sought for attorney's fees incurred after the December 5, 2024, discovery conference, in pursuing responses to plaintiffs' first discovery requests, including the attorney's fees and costs for the January 24, 2025, discovery conference and in bringing the first motion to compel and for sanctions. Jindal Films shall file any response opposing the amount of the attorney's fees and costs sought within **fourteen (14) days** after service of the declaration in support of the motion, and should Jindal Films fail to file a response within the time allowed, the amount requested by plaintiffs will be deemed to be unopposed. <u>See</u> LR. 7.1(B), NDGa.

**B.    Motion for Sanctions, [Doc. 28], & Other Motions, [Docs. 40, 42, & 43]**

Plaintiffs have filed a second motion for sanctions in which they allege that Jindal Films attempted to unduly influence counsel and engage in other misconduct, [Doc. 28], and they seek sanctions "for improper conduct during settlement negotiations, and [] request[] that the Court take additional remedial actions," [Doc. 28-1 at 1]. Specifically, plaintiffs contend that Jindal Films "has engaged in actions designed to unduly influence [plaintiffs'] counsel to settle the

case under terms that benefit [Jindal Films], while disregarding the best interests of [p]laintiffs" by sending a letter to plaintiffs' counsel signed by Jindal Films' "representative and new Director, [PJ] Sudhakar [('Sudhakar').]"    [Id. at 1-2]. However, Jindal Films denies plaintiffs allegations and contends that Sudhakar did not author the letter, [Doc. 30], and it has filed a corrected brief in opposition to plaintiffs' second motion for sanctions, with a declaration signed by Sudhakar attached, [Doc. 31]; see also [Doc. 31-2 (Sudhakar Decl.)].[6]  In their reply brief, plaintiffs assert that Jindal Films' corrected brief is a "belatedly filed [] second response with a declaration and without any explanation to the Court as to why a delayed response should even be considered," and the Court should therefore disregard the attached affidavit.  [Doc. 38 at 3 (emphasis and citations omitted)]. Plaintiffs contend that regardless, the corrected response "changes nothing," since the letter at issue contains confidential information that indicates the letter's veracity.  [Id. at 4-6].

---

[6] Sudhakar's declaration, [Doc. 31-2], and Jindal Films' amended brief in opposition to plaintiffs' second sanction motion, [Doc. 31-1], are properly before the Court since plaintiffs failed to respond to the motion for leave to file the amended brief, [Doc. 30], and the motion is therefore deemed to be unopposed, see LR 7.1(B), NDGa.  However, as plaintiffs point out, [Doc. 38 at 2 n.1], Sudhakar's declaration, [Doc. 31-2], does not comply with the requirements of 28 U.S.C. § 1746.

Jindal Films subsequently filed a surreply, incorrectly docketed as a motion for reconsideration, [Doc. 40], in which it asserts that it has "identif[ied] the likely culprit, a former officer of the [c]ompany, not Sudhakar," [id. at 1]. Jindal Films also filed a provisionally sealed affidavit in support of its surreply, [Doc. 41 (Miller Decl.)], and a motion for leave to file its surreply and affidavit under seal, [Doc. 42].[7]   Plaintiffs have filed a motion to strike Jindal Films' surreply and accompanying affidavit, [Doc. 43], arguing that Jindal Films "did not seek nor obtain this Court's approval to file any surreply or additional declaration," [Doc. 43-1 at 3].   The Court agrees with plaintiffs that Jindal Films' surreply was improperly filed without leave of Court.   See Lucas v. New Am. Funding, LLC, CIVIL ACTION NO. 1:24-cv-1083-JPB-CMS, 2024 WL 4513022, at *1 (N.D. Ga. July 9, 2024) (citation and internal marks omitted) (finding plaintiff's filing of a surreply without leave of court was "procedurally improper and [would] not be permitted" since "[n]either the Federal Rules of Civil Procedure nor the local rules for the Northern District of Georgia authorize parties to file surreplies").   Accordingly, Jindal Films' motion for leave to file a corrected brief in opposition to plaintiffs' second motion for sanctions, [Doc. 31], is **GRANTED**, plaintiffs' motion to strike

---

[7] Jindal Films asserts that its surreply mentions some terms of settlement negotiations and was "inadvertently not filed under seal on the Court's docket." [Doc. 42 at 1 (citation omitted)].

Jindal Films' surreply, [Doc. 43], is **GRANTED**, and the Clerk is **DIRECTED** to **STRIKE** Jindal Films' surreply, [Doc. 40], and to terminate the incorrectly docketed motion for reconsideration, [Doc. 40].  Further, although the affidavit in support of the surreply, [Doc. 41], is also due to be stricken, Jindal Films' motion to maintain matters under seal due to the inadvertent disclosure of settlement negotiations, [Doc. 42], is **GRANTED**, and the Court **DIRECTS** the Clerk to maintain the affidavit, [Doc. 41], under seal as Jindal Films has demonstrated good cause, <u>see</u> [Doc. 42 at 2].

Finally, plaintiffs' second motion for sanctions, [Doc. 28], is due to be **DENIED** because the motion is long on allegations but short on proof.  By merely attaching a letter plaintiffs' counsel received in the mail that is purportedly from Sudhakar without any proof that he was the author or that he or Jindal Films had any involvement in sending the letter, plaintiffs have offered no evidence to establish any basis for imposing sanctions on Jindal Films.  <u>See</u> [id.]; <u>see also</u> <u>Rech v. Cnty. Of Monroe</u>, Case # 17-CV-6418-FPG, 2022 WL 787968, at *10 (W.D.N.Y. Mar. 15, 2022) (citation omitted) (denying sanctions motion and finding plaintiff's "conclusory allegations [were] not adequately developed through argument in such a way that permit[ed] [the] [c]ourt to undertake meaningful analysis," nor had the court "located any support for these assertions in the record"); <u>Houghtaling v. Eaton</u>, 559 F. Supp. 3d 164, 169 (W.D.N.Y. 2021) (finding that

plaintiff had "not provided support for his conclusory assertions that defense counsel [was] harassing him, and his assertions [were] not otherwise supported by the record"); Johnson v. High Desert State Prison, Case No. 2:18-cv-01078-JCM-GWF, 2020 WL 376650, at *4 (D. Nev. Jan. 23, 2020) (denying plaintiff's motion for sanctions and finding the motion was "rife with allegations of frivolity, maliciousness, and bad faith, none of which [were] supported by the evidence"); Brown v. Gray, No. 06–3003–JTM, 2011 WL 6091738, at *24 (D. Kan. Dec. 7, 2011) (explaining that the magistrate judge "denied defendants' [sanctions] motion because it was not adequately supported by affidavits, depositions, and other evidence," but the court "allowed defendants to take [plaintiff's] deposition . . . and to inquire into their Rule 11 claims during the deposition"), and "the information presented [is] insufficient to allow an informed decision on the issue presented—the [author of the letter or Jindal Films' connection to the letter]," Dryden v. State of Nev., Case No. 2:16-cv-01227-JAD-EJY, 2022 WL 17670193, at *1 (D. Nev. Dec. 14, 2022) (citation omitted) (finding plaintiff failed to meet his burden of demonstrating that defendant should be sanctioned because the evidence did not support plaintiff's accusation and that defendant's request for sanctions was also not supported by evidence).

In their reply, plaintiffs alternatively propose conducting discovery on the issues raised by their second motion for sanctions, [Doc. 38 at 8], since Jindal Films

has filed a document in which Sudhakar denies any involvement in sending the letter to plaintiffs' counsel, see [Doc. 31-2], and it has argued that a former employee could be the author of the letter, [Doc. 31-1 at 8].  The extended discovery period remains open, and the parties may conduct discovery on the matter, if they so choose, including by deposing individuals who may have information regarding who authored the letter sent to plaintiffs' counsel.  Thereafter, either party may file a properly supported motion for sanctions, if warranted, but because "it is premature to determine what sanctions, if any, are appropriate," Dryden, 2022 WL 2664114, at *5; see also Martens v. Smith Barney, Inc., No. 96 Civ. 3779(JGK), 2003 WL 21543506, at *2 (S.D.N.Y. July 9, 2003) (citations omitted) (cautioning counsel that any factual allegations regarding improprieties by opposing party must be properly supported and warning about the possibility of Rule 11 sanctions), plaintiffs' second motion for sanctions, [Doc. 28], is **DENIED**.

　　　　**IT IS SO ORDERED** and **DIRECTED**, this 2nd day of June, 2025.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

29